GREEN TAYLOR v. JOHN H. SILLIMAN ET AL.

Decided February 22, 1908.

**1.—Contract—Signature—Misnomer.**

Where a married woman was unable to write her name, and the notary at her request wrote her name for her to a contract for improvements on the homestead, the mistake of the notary in writing her name as "Lutica" instead of "Lutitia" both in the signature and in the certificate of acknowledgment, was immaterial in the absence of any controversy as to the identity of the person who executed and acknowledged the contract.

**2.—Acknowledgment—Suit to Correct—Limitation.**

In a suit to correct a certificate of acknowledgment of a married woman, evidence considered, and held sufficient to support a finding that the suit was filed within four years.

**3.—Limitation—Filing Amendment—Leave of Court.**

It seems that the actual filing of an amended petition setting up a new cause of action will interrupt the statute of limitation although the pleading is filed without leave of the court having been previously obtained and without the knowledge of the defendant.

**4.—Acknowledgment of Married Woman.**

The certificate of acknowledgment of a married woman being in statutory form, the testimony of the notary that he did not remember whether or not he explained any part of the instrument to the woman, but if she objected, he did so, was insufficient to raise the issue as to the validity of said acknowledgment in the absence of evidence that the woman did not fully understand the instrument.

**5.—Judgment—Res Adjudicata.**

In a suit to correct the description of certain premises in a judgment foreclosing a lien thereon and for possession of said premises, it was not error to refuse to allow the defendant in the suit of foreclosure to introduce evidence that the judgment of foreclosure had been rendered for too large an amount. Such issue was *res adjudicata.*

Appeal from the District Court of Anderson County. Tried below before Hon. S. A. McMeans, Special Judge.

*P. W. Brown,* for appellant.—This suit was brought, not to recover a money judgment, but to subject the homestead of Green Taylor to an alleged mechanic's lien, and the proof showed affirmatively that his wife, Lutitia Taylor, did not sign and acknowledge the contract in the manner required by law; that the officer made no offer to explain the legal effect of the instrument to her and that he did not explain it to her. Art. 1168, Rev. Stats.; Norton v. Davis, 83

Texas, 36; Johnson v. Taylor, 60 Texas, 369; Eldridge v. McAdams, 24 S. W., 310; Waters v. State, 31 S. W., 642; Focke v. Hardeman, 67 Texas, 173; Shipman v. Fulcrod, 42 Texas, 248; English v. State, 30 Texas Civ. App., 470.

*Campbell & Sewell* and *Thomas B. Greenwood,* for appellees.

PLEASANTS, CHIEF JUSTICE.—This suit was brought by appellees against appellant, Green Taylor and his wife, Lutitia Taylor, to correct a mistake in description of real property in a contract executed by appellants on October 31, 1901, and in a judgment in favor of the appellee, the Silliman Hardware & Grocery Company, rendered in the District Court of Anderson County on July 31, 1902, in a suit brought by said appellee on said contract, and to recover title and possession of said property. The amended petition upon which the case was tried and which was filed on July 24, 1905, further sought to correct a supposed defect in the certificate of acknowledgment to said contract. This petition also alleged the death of Lutitia Taylor after the institution of the suit, and further alleged that the property was in the possession of and claimed by appellant Green Taylor as survivor of the community estate.

The defendant answered by general demurrer and general denial and by special exceptions and pleas, the nature of which, so far· as may be necessary in the decision of the questions discussed in this opinion, will be hereinafter indicated.

The cause was tried before a jury in the court below and under peremptory instructions from the court a verdict was returned in favor of plaintiffs and judgment rendered in accordance therewith.

The facts as disclosed by the record are as follows: On October 31, 1901, appellant Green Taylor and his · wife, Lutitia Taylor, owned as community property lots 7 and 8 in block A2, subdivision A of the Texas Land Company's Addition to the city of Palestine. Their house was situated on lot 7, but their homestead included both lots, lot 8 being used for homestead purposes. On the date last named they entered into an agreement with Jack Freeman to make certain repairs and additions to their dwelling house, for which they agreed to pay him the sum of $230 in monthly installments of $10 and accrued interest, said payments to commence on the 1st of December, 1901. It was expressly agreed and stipulated in the contract or note evidencing said promise to pay said sum, that failure to pay any installment as stipulated therein would mature the whole indebtedness at the option of the holder.

The contract for the repairs and additions to the house was duly executed and acknowledged by Green Taylor and wife, and by its terms a mechanic's lien was expressly created to secure the payment of the note before mentioned. This contract described the property as situated on lot 8, but it also described it as the "old house and homestead of said Green Taylor and wife." It was the intention of all the parties to the contract that the lien should attach to lot 7 and the improvements thereon, and the designation of the lot as No. 8 was a mutual mistake. This note and contract was assigned

by Freeman to the appellee Silliman Hardware Company for a valuable consideration. Taylor and wife. failed to pay the installments as they became due on said note and the Silliman Hardware Company brought suit thereon for the recovery of the entire amount of said note, with ten percent attorney's fees as stipulated in the note, and for foreclosure of the mechanic's lien upon the property described in the contract. Both defendants in this suit were duly served with citation and both failed to answer. The case was tried on July 31, 1902, and judgment by default was rendered in favor of plaintiff for the amount of said note, interest and attorney's fees and for foreclosure of the mechanic's lien upon the property which is described in the judgment just as it is in the contract before mentioned. Upon this judgment an order of sale was issued and the property described in the judgment was sold to the appellee J. H. Silliman for the sum of $200. The purchaser at this sale believed that he was buying the lot upon which the improvements were situated, and it was so understood by the parties to the judgment and the officer who executed said order of sale. After his purchase Silliman was placed in possession of lot 7 and the improvements thereon. Some months after this Taylor and wife discovered the mistake in the number of the lot as designated in the contract and in the judgment before mentioned and re-entered upon said premises and ousted Silliman therefrom.

The contract creating the lien is signed by both grantors by their mark and the signature of the wife, Lutitia, is written Lutica. The same mistake appears in the certificate of the notary who took Mrs. Taylor's acknowledgment to the contract. This certificate is in statutory form and the officer certifies that the grantee Lutica Taylor, the wife of Green Taylor, is known to him to be the person whose name is subscribed to the instrument.

Under the first assignment of error presented in appellant's brief it is contended that the court below should not have instructed a verdict for plaintiffs because the pleadings and evidence raise the issue of limitation as against plaintiffs' right to correct the certificate of acknowledgment to the contract by which the lien sought to be enforced was created, and because the plaintiffs failed to show that said contract was acknowledged by Lutitia Taylor in the manner prescribed by law. There is no merit in either of these contentions. As to the first contention, we do not think the fact that the first name of the wife, Lutitia Taylor, was erroneously written by the notary, "Lutica," both in the signature to the contract and in the certificate of acknowledgment, in any way affected the validity of the contract. There is no issue in the evidence as to the identity of the person who executed and acknowledged the contract, and the error of the notary in writing the name Lutica, instead of Lutitia, conceding that the two names are not *idem sonans,* was immaterial. If, however, the correction of the certificate in this regard was necessary to plaintiffs' right to correct the description of the property to which the contract applied, we think the undisputed evidence shows that the suit to correct the certificate was not barred by the four years statute of limitations.

The contract was executed and acknowledged on October 31, 1901, and the amended petition which sought the correction of the certificate was filed on July 24, 1905. There is an issue in the evidence as to whether appellees had leave of the court to amend, no order to that effect appearing upon the judge's docket or the minutes of the court. It is admitted, however, by the attorney for the appellant that appellees' attorney gave him the amended petition a few days before the 24th of July, and he kept the same in his office for several days. On the day named appellees' attorney came to the office of appellant's attorney, asked for and obtained the petition and took it to the clerk's office and filed it. He did not tell attorney for appellant that he intended to file the petition and did not ask him to waive notice of such filing or consider it as filed. Attorney for appellant did not actually know that the petition had been filed until some time in January, 1906. He says that he asked the clerk several times during the fall of 1905 if any papers had been filed in the case and was answered each time in the negative. When he made these inquiries he also asked for the papers in the case and failed to get them. He does not say why he could not get the papers. We think these facts are sufficient to charge appellant as a matter of law with notice of the filing of the petition, and the bar of limitation against plaintiffs' right to correct the certificate not being complete at the date of such filing, the issue of limitation was not raised by the evidence.

As before stated, the certificate is in statutory form. The notary who took the acknowledgment testified that he read the entire contract to Mrs. Taylor and that she said she understood it. In answer to a question by appellant's attorney he stated that he did not remember whether he explained any part of it to her or not, but he did so if she "objected." There is no testimony tending to show that Mrs. Taylor did not fully understand the instrument. We think this evidence fails to raise the issue presented by appellant's second contention before stated.

Other assignments complain of the refusal of the trial court to allow appellant to introduce evidence under his plea that the contract for the repairs upon the house was not fully performed by the contractor and that appellant was therefore not liable for the amount adjudged against him in the original suit. There was no error in this ruling. The judgment in the original suit was *res adjudicata* as to these issues.

It is unnecessary to discuss the various assignments in detail, none of them in our opinion present any error, and all of them are overruled. There being no error shown by the record the judgment of the court below is affirmed. (Justice McMeans not sitting.)

*Affirmed.*

Writ of error refused.